STADLER, Respondent, vs. TREVER, Appellant.

*September 8 — September 26, 1893.*

*Insurance: Contract by agent to place insurance: Consideration: Pleading.*

In an action against an insurance agent for breach of a contract to place insurance on plaintiff's property, the complaint alleged, among other things, that, after a policy had been issued by defendant and the premium therefor been paid to him by plaintiff, the latter moved the insured property and told defendant he wished to have the insurance transferred; that defendant said he would change the policy, but afterwards told plaintiff he had canceled the policy and would issue a new one, that he had placed the insurance, that the unearned premium on the old policy would pay for a new one for the unexpired term, and that he would write the policy and send it to plaintiff. The complaint further alleged that defendant negligently omitted to have the property insured as he had agreed to do; but also alleged that the unearned premium was applied by him in payment of the premium on the policy which he promised to write. It did not allege that the original policy was ever canceled in fact, or that defendant had any unearned premium

thereon in his hands, or that he would have been entitled to a commission on the new policy had he written it. *Held*, that the complaint was insufficient in that it did not show any consideration for defendant's alleged agreement, and because of the conflicting averment as to the application of the unearned premium.

APPEAL from the Circuit Court for *Langlade* County.

This action is to recover damages for the failure of defendant to place an insurance on plaintiff's property, as it is alleged he agreed to do, the property having been afterwards destroyed by fire.

It is alleged in the complaint that in November, 1891, defendant, who was an insurance agent at Antigo, issued to plaintiff the policy of a certain company therein named, insuring him against loss by fire on his household property and effects, in the sum of $300, for one year, for which plaintiff paid defendant a premium of $10. That in March, 1892, plaintiff's house took fire, but the fire was extinguished without loss. A few days later, defendant told plaintiff he thought some one was trying to burn him out, and advised him to remove to some other house; and two weeks later the plaintiff did so remove, taking the insured property with him. That thereafter he told defendant he desired to have his insurance transferred from the former to his latter residence, to cover the same property, and defendant told him to bring his policy and he would change it, and afterwards informed him that he had canceled the policy and would issue a new one; also, that he had placed the insurance, and the unearned premium on the policy would pay the premium on a new policy for the unexpired term of the original policy, and that he would write the policy and send it to plaintiff's house. The complaint then proceeds as follows:

"That plaintiff was led to believe, by the promises and assurances given him by the defendant, that his household furniture and personal effects, which had before that time

been covered by insurance, were covered by insurance in a good company, as the defendant promised and agreed to do, and for which this plaintiff paid defendant. That the unearned premium on policy number 2,225,209, herein-before mentioned, was applied by the defendant in pay-ment of the premium on the policy which defendant said and promised plaintiff to write, and it was distinctly under-stood and agreed by and between the parties hereto at that time, to wit, in March, 1892, that the above-named de-fendant would insure and secure a policy of insurance for this plaintiff, upon his household furniture and personal effects, in the sum of three hundred dollars, in a good, re-sponsible fire insurance company, and that the unearned premium, as hereinbefore stated, would pay for the pre-mium upon said policy to run until the 14th day of Novem-ber, 1892, and that there would be no further charge or expense attached to the same. That plaintiff, relying upon the promises and assurances of defendant, and believing that his personal property, as hereinbefore stated, was cov-ered by a policy of insurance issued by the defendant as he promised and agreed to do, paid no further attention to his insurance matter, and, as he had no other insurance upon said property, and having implicit faith and confidence in the honesty of this defendant, he paid no further attention to it, but believed in fact that the defendant had insured his property as aforesaid."

Loss by fire of the insured property, of the value of $300, May 14, 1892, without fault of plaintiff, and immediate notice thereof to defendant, and that defendant then in-formed plaintiff that he had not written the policy, and offered to refund the original premium paid by plaintiff, are alleged. It is further charged that "the defendant negli-gently and carelessly omitted to have the property of this plaintiff insured, as he agreed to do, and for which he was paid by this plaintiff, and has absolutely refused since the

time of plaintiff's said loss to pay the same, and that in consequence of said fire, and the neglect and wilful misrepresentations of defendant, this plaintiff has sustained a loss of $300, being the amount which defendant said he would insure plaintiff's property for, and for which he was paid." Judgment for $300, interest, and costs is demanded.

Defendant appeals from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Mylrea, Marchetti & Bird,* and oral argument by *C. B. Bird.* To the point that no agreement binding on defendant is shown because no consideration is shown, they cited Mechem, Agency, sec. 478; *Elsee v. Gotward,* 5 Term, 143; *Thorne v. Deas,* 4 Johns. 97.

For the respondent the cause was submitted on the brief of *Goldberg & Hoxie.*

Lyon, C. J. The complaint, although signed by able counsel, is very carelessly and obscurely drawn. It contains extended statements of evidence as distinguished from facts, thrown confusedly together, and it omits direct statements of material allegations, which compels resort to doubtful inferences to supply them. Indeed, in some material particulars there is not sufficient averment to support even doubtful inferences. Although negligence and wilful misrepresentations are charged therein, the pleader evidently was trying to state a cause of action *ex contractu,* for some breach of a contract to place insurance on plaintiff's property. It is immaterial that defendant negligently omitted to place the insurance, or that he made the misrepresentations alleged. The omission is alleged as the breach of the contract, and averments of the reasons why it occurred are surplusage. The allegation that the misrepresentations by defendant were one of the causes of the

Stadler vs. Trever.

damage to plaintiff is illogical and of no significance, be-
cause the fire alone caused such damage. If defendant
entered into and failed to perform a valid contract with
plaintiff to place insurance on the property burned, whether
he so failed negligently or wilfully, or for any other reason
not chargeable to plaintiff, he is liable to respond in dam-
ages for the breach of such contract; otherwise, not.

Did the complaint allege that the original policy issued
to plaintiff was canceled; that the unearned premium was
in the hands of defendant, who promised to write a new
policy in some other company for which he was agent, and
to apply such unearned premium in his hands in payment
of the premium on such new policy; and that he failed to
do so, retaining the unearned premium,— he would doubt-
less be liable for the damages to plaintiff caused by such
breach of contract, the measure of which, in this case,
would be the value of property which he agreed to insure,
and which was afterwards burned. But there is no aver-
ment that the policy was ever canceled,— only a state-
ment that defendant said it had been canceled. Without
a cancellation of the policy, no unearned premium was due
from the insurance company. Neither is it averred that
the defendant had any such premium in his hands. Pre-
sumably, he had paid over the premium on the original
policy to the insurance company entitled thereto. In that
case he had no funds in his hands with which to pay the
premium on the new policy, and his agreement to write
a new policy (if he so agreed) was without consideration
and not binding upon him. It is said that, had he writ-
ten the new policy, he would have been entitled to a
commission thereon, which is a sufficient consideration
for his promise to write it. But it is not alleged that he
would have been entitled to such commission. He may
have been working for the company in which he would

Stadler vs. Trever.

have written the policy for a salary, in which case his compensation might not have been affected by the writing, or failure to write, the new policy.

Moreover, there are conflicting averments in the complaint on a very material point. While we think that, considering the whole complaint, the breach of the contract assigned is the failure of the defendant to charge some insurance company with the risk on plaintiff's property, yet it is alleged therein that the unearned premium paid for the original policy "was applied by the defendant in payment of the premium on the policy which defendant said and promised plaintiff to write." If this allegation is true, probably the insurance company for whose benefit such premium was applied would be liable to plaintiff on its agreement by its agent to insure him. The plaintiff knew that the defendant was acting as agent of such company, and hence defendant could not be held liable on such agreement to insure. If plaintiff did not know the name of such company, he could have ascertained it by applying therefor to defendant, who no doubt would gladly have given the information, and thus have relieved himself from personal liability.

Even under the liberal rules which now prevail for the construction of pleadings, we fail to find in the complaint any certain, intelligible statement of facts constituting a cause of action, and are therefore impelled to the conclusion that the demurrer thereto should have been sustained.

*By the Court.*— The order is reversed, and the cause will be remanded to the circuit court with directions to sustain the demurrer.